# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.:

BRANDI HALVORSON

        Plaintiff,

v.

THE CITY OF PUEBLO,

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

Plaintiff, Brandi Halvorson, by and through her attorney, Rosemary Orsini of the law firm Orsini Law LLC, , for her Complaint Jury Demand, states, alleges and avers as follows:

## PARTIES

1. Plaintiff Brandi Halvorson (hereinafter Ms. Halvorson or "Plaintiff") is a citizen of the State of Colorado and resident of Pueblo County.  Ms. Halvorson is female.

2. Defendant the City of Pueblo, Colorado (hereinafter "Pueblo" or "Defendant") is a Colorado Home Rule Municipality in Pueblo County, Colorado.  The City of Pueblo carries out law enforcement activities through the Pueblo Police Department.

## JURISDICTION & VENUE

3. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because a federal question is involved, and § 1343 (original action).  This Court also has jurisdiction over the Title VII claims pursuant to 42 U.S.C. § 2000e-5 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so related to claims in the action that they form part of the same case or controversy.  In addition, this Court has jurisdiction pursuant to the Americans with Disabilities Act of 1990 ("ADA") 42 U.S.C. § 12101, *et. seq.*

5.  The Court has personal jurisdiction over the City of Pueblo because it is a municipal corporation and political subdivision of the State of Colorado.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(6) because the employment practices or omissions alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Colorado.

7.  All procedural prerequisites for filing this suit have been met.  Plaintiff timely filed a Charge of Discrimination alleging discrimination based on gender and disability, harassment,  and retaliation against Pueblo with the Equal Employment Opportunity Commission ("EEOC") and subsequently received a Notice of Right to Sue letter.  This Complaint and Jury Demand is being filed within 90 days of receiving the Notice of the Right to Sue from the EEOC.  Therefore, under 42 U.S.C. § 2000e-5(f)(1), Plaintiff has satisfied all procedural prerequisites for suing.

## GENERAL ALLEGATIONS

8.  Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint.

9.  Pueblo's Police Officers are members of the Union of the International Brotherhood of Police
    Officers Local 537 (the "Union").

10. Ms. Halvorson was hired by the Pueblo Police Department in January of 1999 and worked
    as a Patrol Officer and traffic officer.

11. Ms. Halvorson was one of fewer than fifteen (15) female Police Officers when she
    commenced her employment as a Patrol Officer for Pueblo in 1999.

12. Currently, there are approximately 200 Police Officers employed by Pueblo's Police
    Department.  Of the 200 Police Officers, approximately 20 (or approximately 10%) are
    female.  Pueblo's Police Department has twenty-one (21) supervisory positions.  Of these 21
    supervisory positions, only one is held by a female.

13. At all times, Ms. Halvorson's  performance reviews were satisfactory and she received
    "acceptable" in all categories.

14. During her employment with the Pueblo Police Department, Ms. Halvorson's Supervisors,
    including Sergeant Rutherford, and other male officers harassed her.

15. For example, Sgt Rutherford always made comments about Ms. Halvorson's buttocks and
    about wanting to have sexual relations with her.  Sgt. Rutherford told Ms. Halvorson she
    "*could ride him like she rides her horse and motorcycle*",  that he "*wanted to have sex with
    her*", and that he would "*show her his six-pack*."

16. Sgt. Rutherford also made comments to Ms. Halvorson that if she "*ripped her pants or
    needed to "get naked"*", she could do it in Captain Grisham's office and he would be happy to
    help.

17. Despite Ms. Halvorson's rejection of Sgt Rutherford and other Supervisors advances, their
    continued harassment continued and retaliation occurred.

18. Ms. Halvorson was forced to work extra hours after her shift. Male officers were not forced to work extra hours after their shifts ended.

19. Ms. Halvorson on numerous occasions sought promotion to various departments including crimes against persons, crimes against property, school resource officer, crime prevention officer, and to the traffic division; all of which are more prestigious than being a traffic officer. Ms. Halvorson did not receive these jobs; instead, they went to males who were at Pueblo Police Dept. for less time than Ms. Halvorson. Ms. Halvorson has a Master's degree in crime prevention but was passed over in favor of males.

20. On three (3) occasions, Ms. Halvorson was, pursuant to policy, to be the step up sergeant. Each time she was passed over and instead a male Officer, who was hired two or three years after Ms. Halvorson and did not have the same experience as Ms. Halvorson, was made the step up sergeant. When Ms. Halvorson complained to Captain Bravo, he told her that if he put her as the step up sergeant, *"no one would listen to her because she was a woman."*

21. Any time Ms. Halvorson raised any issues or made any complaints to Pueblo Police Dept. about her male coworkers harassing her, she was told by her Sergeants including Sergeants Gowin, Jackson, and Solano, and Captains Rummel and Bravo, and Deputy Chief Davenport that she was more likely to stir up drama for herself if she were ever to make a formal complaint.

22. When Ms. Halvorson complained to Deputy Chief Davenport. Deputy chief Troy Davenport, told her *"she was •just being sensitive."* Although most transfers are granted, Ms. Halvorson requested to be transferred to a different unit because of the harassment but was denied a transfer by Deputy Chief Davenport

23. Despite Ms. Halvorson's complaints about the discrimination and harassment, the Pueblo Police Dept. did not conduct any investigations.

24. Pueblo Police Dept. had knowledge of the discrimination and hostile work environment that Ms. Halvorson endured for years and did not take any action to stop or correct the behavior.. Instead, Ms. Halvorson's shifts schedules were changed to different days.  These shift changes essentially punished Ms. Halvorson because she then worked different days of the week causing her to have childcare problems and needing to miss or reschedule doctors' appointments that were set months in advance based on her prior shift. The officers harassing her had no disruptions to their scheduled shifts.

**<u>Disability</u>**

25. In June 2014, Ms. Halvorson became severely injured as a result of an on-duty injury.  While chasing and apprehending a fleeing suspect, Ms. Halvorson severely injured her left knee, hip, shoulder, broke her left hand and suffered a concussion.

26. On or about August, 2014,  Ms. Halvorson returned to work on light duty with physical restrictions from her doctors.

27. On almost a daily basis Ms. Halvorson was obsessively questioned about when she would be returning to full duty, despite Pueblo Police Dept. knowing that her injuries were severe and would take time to heal.

28. Ms. Halvorson was harassed for her injuries by Corporal Quintana, Sergeant Jackson, Christopher Alarid, Jeff Capito, and Deputy Chief Davenport and  told that she was "*milking her injury*."

29. On approximately October 29, 2014, Ms. Halvorson was told that her injuries required surgery, and she immediately updated Pueblo Police Dept. with this information.

{00584774:}

30. Shortly after the department found out Ms. Halvorson was going to have multiple surgeries for her recent injuries, Pueblo used the opportunity to further discriminate and retaliate against Ms. Halvorson by looking for ways to terminate her.

31. Pueblo Police Dept. began investigating Ms. Halvorson's work history dating back to her date of hire in 2009 and created a fictitious reason to terminate her.

32. In November, 2014, Sergeant Rutherford served Ms. Halvorson with a 48 hour notice by Sergeant Rutherford regarding a camera policy violation.

33. On December 2, 2014, Ms. Halvorson was placed on injury leave for the spasms she was having in her muscles and the depression and panic attacks she was having.

34. On December 30, 2014, Deputy Chief Davenport commanded Ms. Halvorson to be present at District Court against her Doctor's instructions.  On the third floor of the Pueblo County Judicial building, Sgt Rutherford approached Ms. Halvorson and served her with another 48 hour notice.  This was not done in a private room or  away from the attorneys who represented the Defendant she was testifying against in the proceeding.  The Defense attorney walked straight into the court room and told the Judge he was filing a motion to dismiss due to the fact that she was under investigation for policy violation.  The Defense Attorney also brought up information he received from Sgt. Rutherford regarding the 2011 Homicide in which  Ms. Halvorson  was accused of lying in a report.  Sgt Rutherford did not tell the Defense Attorney that Ms. Halvorson was exonerated from this accusation and officers involved were punished.

35. On February 11, 2014,  Ms. Halvorson was walking into her doctor's appointment around 8 am. She observed Sgt Daniel Rutherford and Sgt Howard Jackson were  sitting in the waiting room. Ms. Halvorson became immediately distressed and started to hyperventilate.  She left

the waiting room to tell her husband who was outside waiting in the car.  As she was leaving

the building, she heard running up behind her.  Sergeant Rutherford grabbed her arm and told

her to stop and sign a paper or she was going to be terminated right then. Ms. Halvorson was

crying and panicked.  She signed another 48hr notice for camera policy violation and

reported the unwanted touch by Sgt Rutherford to Corporal Kenneth Rhodes. Nothing was

done.

36. Numerous other male police officers have not recorded a DUI arrest and have not been

disciplined or terminated.  It is not mandatory that arrests be recorded nor does Pueblo Police

Dept. require all officers to record the arrests.

37. Pueblo claimed as the basis to terminate Ms. Halvorson that she  had violated policy when

she did not record a DUI arrest.

38.  The recording equipment installed in the police cars automatically turn on and start filming

(or recording) every time the sirens are turned on.  Pueblo Police Dept.'s policy contradicts

itself in saying that the police officer "may" turn it on to record certain situations or events,

and then in other places states that the officer "should" record certain events.  Pueblo Police

Dept. never had a class to train police officers on how to use the equipment.  At all times the

recording equipment was backing up to a hard drive.  Police officers also were instructed that

they could also record it to a DVD system in the police car.  However, police officers were

also only given a certain number of DVD recording disks on each shift and were always

warned by Pueblo Police Dept. to make sure they *"save disk space."*  Nevertheless, even if a

police officer hit stop on the DVD system to stop the recording, the camera still recorded to

the hard drive.

39. In addition, Sergeant Rutherford's story changed throughout Ms. Halvorson's investigation and termination hearing. At that time, Sergeant Rutherford was working in internal affairs and was the main officer involved in investigating Ms. Halvorson. Sergeant Rutherford stated in a November 2014 hearing that Ms. Halvorson did not record any of her DUI investigations. He later stated in an interview that there were several DUI recordings made by Ms. Halvorson. Thereafter, in another interview he stated that Ms. Halvorson recorded even more videos of arrests, but then backtracked by explaining either they were saved incorrectly or they were no longer reviewable by Pueblo Police Dept.

40. During the investigations, Pueblo Police Dept. never made any of these recordings available to Ms. Halvorson for her to review.

41. Pueblo Police Dept. also alleged that Ms. Halvorson was terminated for lying in a criminal trial that she testified as a witness for which she was one of the arresting officers. The trial was very contentious. During the trial, the defense attorneys (for the individual arrested) and the judge had numerous conversations and back-and-forth's about issues that kept arising during the trial. Ms. Halvorson's traumatic brain injury, for which she was still being treated, made it hard for her to keep track of the questions she was being asked and she was confused. During this time, Ms. Halvorson was still suffering from post-concussive symptoms, which included problems remembering things and causing her to be easily confused. The district attorney knew about Ms. Halvorson's brain injury, but missed that Ms. Halvorson misstated a fact related to the arrest and never re-directed her or asked her any follow up questions to clarify her testimony.

42. Further, the 2011 incident asserted by the Pueblo Police Dept. relating to Ms. Halvorson lying was removed from her record, she was vindicated, and the other officers involved (including Officer Sorenson) were disciplined for their dishonesty.

43. The one male Officer who was terminated for having similar discipline as Ms. Halvorson was rehired a year later.

44. At least seven (7) female officers have been forced to retire or discipline because of their disability and/or gender.

45. Ms. Halvorson began experiencing physical pain and as a result of the constant harassment and disparate treatment

46. Pueblo discriminated against Ms. Halvorson based on her disability by refusing to allow her to continue to work light duty as an accommodation for her disability.  .  Ms. Halvorson was fully capable of performing the essential job functions with a reasonable accommodation.

47. Pueblo also discriminated against Ms. Halvorson by denying her promotions that were given to less qualified males.

48. Ms. Halvorson has suffered extreme emotional distress and physical illness as manifestations of the emotional distress as a result of the discrimination, harassment and retaliation by Pueblo Police Department.

49. In addition, Ms. Halvorson has suffered, and will continue to suffer, economic damages and losses due to the conduct of Pueblo Police Department, including loss of earnings, loss of future wages, loss of future career advancement, loss of benefits, loss of future benefits, physical pain and suffering, medical expenses, out of pocket expenses, and statutory damages.

## FIRST CLAIM FOR RELIEF
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, 2000e-5
Harassment/Hostile Work Environment

50. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

51. Plaintiff Brandi Halvorson, as a female employee, was subjected to Pueblo Police Departments' creation of a hostile work environment and harassment because of her sex.

52. Plaintiff's gender was a determinative or motivating factor behind the conduct creating the hostile work environment.

53. The conduct creating the hostile work environment was unwelcome and was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and had an adverse impact on Plaintiff's working environment.

54. Pueblo Police Department knew or should have known of the harassment and hostile environment perpetrated by management and other employees, and failed to take immediate and appropriate remedial action.

55. Plaintiff was performing her duties satisfactorily as a Police Officer. The City of Pueblo violated 42 U.S.C. § 2000(a)(1) by the conduct described herein.

56. Plaintiff is entitled to recover damages for the harassment and hostile work environment described herein pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000E-5.

57. Plaintiff suffered economic and non-economic damages as a result of such harassment and hostile environment, including loss of wages, loss of future wages, loss of benefits, loss of future benefits, emotional distress, physical pain and suffering, medical expenses, loss of out of pocket expenses incurred to mitigate her damages, loss of career advancement, and statutory damages.

{00584774:}

58. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to 42 U.S.C. § 200e-5(k).

## SECOND CLAIM FOR RELIEF
C.R.S. §§24-34-306, 32-34-402
Harassment/Hostile Work Environment

59. Plaintiff incorporates by reference the allegations contained in the proceeding paragraphs of the Complaint as if set forth herein.

60. Plaintiff Brandi Halverson was subjected to harassment and a hostile work environment by her employer, the Pueblo Police Department, on account of her sex and disability.

61. Sex and disability was a determinative or motivating factor behind the discrimination.

62. Plaintiff was fully qualified for continued employment by the Pueblo Police Department.

63. The Pueblo Police Department's treatment of Plaintiff was unwelcome and was so severe and pervasive that it altered the conditions of Plaintiff's employment and had an adverse impact on Plaintiff's working environment.

64. The Pueblo Police Department knew or should have known of the harassment and hostile environment perpetrated by management and other employees, and failed to take immediate and appropriate remedial action.

65. Plaintiff was performing her duties satisfactorily as a Police Officer.

66. Pueblo Police Department condoned a hostile work environment and harassment and repeatedly and knowingly subjected the Plaintiff to this environment, including a pervasive pattern of blatant and offensive remarks about Plaintiff's sex and disability.

67. The Pueblo Police Department violated C.R.S. §24-34-402(1)(a) by the conduct herein.

68. Plaintiff suffered economic and non-economic damages as a result of the harassment and hostile work environment by the Pueblo Police Department, including loss of wages, loss of

future wages, loss of benefits, loss of future benefits, emotional distress, physical pain and

suffering, medical expenses, loss of out of pocket expenses incurred to mitigate her damages,

loss of future career advancement and statutory damages.

69. Plaintiff is entitled to recover damages for the discriminatory conduct described herein

pursuant to C.R.S. § 24-34-306 and the associated provisions of Parts 3 and 4 of Article 34 of

Title 34, C.R.S.

### <u>THIRD CLAIM FOR RELIEF</u>
Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e-2, 2000e-5)
Sexual Discrimination

70. Ms. Halvorson incorporates by reference the allegations contained in the preceding

paragraphs of the Complaint as if set forth herein.

71.  Ms. Halvorson, as a female, was entitled to protections under the law, including protection

from harassment based on sex and disparate treatment based on sex.

72. Ms. Halvorson was treated differently than similarly situated male employees.  This

treatment included unfair criticism, disparagement, false accusations, failure to promote, and

subjected to discrimination

73. Male employees similarly situated to Ms. Halvorson were not subjected to unfair criticism,

disparagement, refusal to promote, false accusations, and discrimination, as was Plaintiff.

74. Male employees with less experience were promoted instead of Ms. Halvorson.

75. Ms. Halvorson's sex was a motivating factor in Defendant's decision to unfairly deny her

promotion.

76.  Defendant's conduct as described above constitutes discrimination on the basis of sex in

violation of both federal and state statutes, including Title VII of the Civil Rights Act of 1964

as amended and C.R.S. § 24-34-402.

77. Plaintiff has suffered damages, as described herein, on account of the sexual discrimination. Plaintiff is entitled to recover damages on account of the sexual discrimination, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, medical expenses, loss of future wages, loss of future benefits, loss of future career advancement, loss of out of pocket expenses incurred to mitigate her damages, and statutory damages.

78. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to 42 U.S.C. § 2000e-5(k).

**FOURTH CLAIM FOR RELIEF**
C.R.S. §§24-34-306, 32-34-402
Discrimination

79. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

80.  Ms. Halvorson, as a female, was entitled to protections under the law, including protection from harassment based on sex and disparate treatment based on sex.

81. Plaintiff was treated differently than similarly situated male employees.  This treatment included unfair criticism, disparagement, false accusations, failure to promote,  and subjected to discrimination.

82. Male employees similarly situated to Ms. Halvorson were not subjected to unfair criticism, disparagement, refusal to promote, false accusations, and discrimination, as was Plaintiff.

83. Male employees with less experience were promoted instead of Ms. Halvorson.

84. Ms. Halvorson's sex was a motivating factor in Defendant's decision to unfairly deny her promotion.

85. Defendant's conduct as described above constitutes discrimination on the basis of sex in violation of both federal and state statutes, including Title VII of the Civil Rights Act of 1964 as amended and C.R.S. § 24-34-402.

86. Plaintiff has suffered damages, as described herein, on account of the sexual discrimination.

87. Plaintiff is entitled to recover damages on account of the sexual discrimination, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, medical expenses, loss of future wages, loss of future benefits, loss of future career advancement, loss of out of pocket expenses incurred to mitigate her damages, and statutory damages.

88. The Pueblo Police Department violated C.R.S. §24-34-402(1)(a) by the conduct herein.

89. Plaintiff is entitled to recover damages for the discriminatory conduct described herein pursuant to C.R.S. § 24-34-306 and the associated provisions of Parts 3 and 4 of Article 34 of Title 34, C.R.S.

**<u>FIFTH CLAIM FOR RELIEF</u>**
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-5
Sexual Harassment/Hostile Work Environment

90. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

91. Plaintiff Brandi Halvorson was subjected to harassment by Pueblo Police Department on account of her sex while she was employed by The City of Pueblo.

92. The sexual harassment was both objectively and subjectively offensive and severe.

93. The sexual harassment was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment and had an adverse impact on Plaintiff's working environment.

94. The sexual harassment was unwelcome.  Plaintiff took reasonable steps to report the sexual harassment to the Pueblo Police Department.

95. The Pueblo Police Department failed to take reasonable actions to stop the sexual harassment despite knowing of the harassment.

96. Plaintiff has suffered damages, as stated herein, as a result of the harassment.

97. Plaintiff is entitled to recover damages caused by the sexual harassment, including lost wages, loss of benefits, emotional distress, physical pain and suffering, medical expenses, loss of future wages, loss of future benefits, loss of out of pocket expenses incurred to mitigate her damages, loss of future career advancement, and statutory damages.

98. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to 42 U.S.C. § 2000e-5(k).


## SIXTH CLAIM FOR RELIEF
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, 2000e-5
Disparate Treatment

99. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

100. Plaintiff Brandi Halvorson was subjected to disparate treatment by her employer, The City of Pueblo, on account of her sex.

101. Plaintiff was treated differently than similarly situated male employees.  This treatment included being disparaged, unfair criticism, subjected to discriminatory statements and treatment, false accusations, lack of advancement and termination.

102. Other male employees were not subjected to the unfair criticism, disparagement, and discriminatory treatment, lack of advancement and termination for the same actions as Plaintiff.

103. Plaintiff was fully qualified for continued employment by Pueblo Police Department.

104. Pueblo Police Department violated 42 U.S.C. §2000(a)(1) by the conduct described herein.

105. Plaintiff is entitled to recover damages for the discriminatory conduct described herein pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5.

106. Plaintiff suffered economic and non-economic damages as a result of such disparate treatment by The City of Pueblo, including loss of wages, loss of future wages, loss of benefits, loss of future benefits, emotional distress, physical pain and suffering, medical expenses, loss of out of pocket expenses incurred to mitigate her damages, loss of future career advancement and statutory damages.

107. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to 42 U.S.C. §2000e-5(k).

## SEVENTH CLAIM FOR RELIEF
Discrimination based on Disability
In Violation of the Americans with Disabilities Act
42 U.S.C. §12101 *et seq.*

108. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

109. Ms. Halvorson is a qualified individual with a disability. Ms. Halvorson has a physical impairment that substantially limits one or more of her major life activities, including but not limited to sitting and walking.

110. Ms. Halvorson was fully capable of performing her essential job functions with a reasonable accommodation.

111. Ms. Halvorson notified the Pueblo Police Department of her disability.

112. The Pueblo Police Department's refusal to make reasonable accommodations for Ms. Halvorson's disability and refusal to engage in the interactive process with Ms. Halvorson constitutes discrimination against Ms. Halvorson.

113. Ms. Halvorson suffered adverse employment actions as a result of the Pueblo Police Department's discrimination against persons with disabilities, including failure to promote.

114. Ms. Halvorson has suffered damages as stated herein as a result of the discrimination based on disability by the Pueblo Police Department.

115. Ms. Halvorson is entitled to recover damages caused by Defendant's discrimination, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, loss of future wages, loss of future benefits, loss of out of pocket expenses incurred to mitigate her damages and statutory damages.

116. Ms. Halvorson is entitled to recover her reasonable attorney fees and costs for bringing this action pursuant to 42 U.S.C. § 12101 *et. seq.*

**EIGHTH CLAIM FOR RELIEF**
Discrimination based on Disability
In Violation of the Americans with Disabilities Act
C.R.S § 24-34-402

117. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth herein.

118. Ms. Halvorson is a qualified individual with a disability. Ms. Halvorson has a physical impairment that substantially limits one or more of her major life activities, including but not limited to sitting and walking.

119. Ms. Halvorson was fully capable of performing her essential job functions with a reasonable accommodation.

120. Ms. Halvorson notified the Pueblo Police Department of her disability.

121. Pueblo Police Departments' refusal to make reasonable accommodations for Ms. Halvorson's disability and refusal to engage in the interactive process with Ms. Halvorson constitutes discrimination against Ms. Halvorson.

122. Ms. Halvorson suffered adverse employment actions as a result of the Pueblo Police Department's discrimination against persons with disabilities.

123. The Pueblo Police Department's conduct as described herein constituted a discriminatory and unfair employment practice in violation of C.R.S. § 24-34-402(1)(a).

124. Ms. Halvorson has suffered damages as stated herein as a result of the discrimination based on disability.

125. Ms. Halvorson is entitled to recover damages caused by Defendant's discrimination, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, loss of future wages, loss of future benefits, loss of out of pocket expenses incurred to mitigate her damages, loss of career advancement and statutory damages.

## NINTH CLAIM FOR RELIEF
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-3(a), 2000e-5
Retaliation

126. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth below.

127. Plaintiff was subjected to retaliation for engaging in opposition to discrimination, in violation of 42 U.S.C. §2000e-3(a).

128. Ms., Halvorson engaged in conduct in opposition to sex discrimination and harassment and otherwise exercised her statutory rights and by reporting multiple times to the Pueblo Police Department that she was discriminated against and harassed.

129. In violation of both federal and state law, Defendant retaliated against Ms. Halvorson's protected conduct in opposing discrimination and exercising her statutory rights, including unfairly denying Ms. Halvorson promotions.

130. Plaintiff suffered retaliation by her employer, the Pueblo Police Department on account of her complaints of discrimination and harassment.

131. The Pueblo Police Department knowingly and willfully retaliated against Plaintiff for complaining about the discriminatory treatment and harassment. The retaliation included false accusations and unduly scrutinization.

132. The Pueblo Police Department violated 42 U.S.C. § 2000(a)(1) by the conduct described herein.

133. Plaintiff suffered economic and non-economic damage as a result of such retaliatory treatment by Defendant, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, medical expenses, loss of future wages, loss of future benefits, loss of career advancement, loss of out of pocket expenses incurred to mitigate her damages, and statutory damages.

134. Plaintiff is entitled to recover damages for retaliatory conduct described herein pursuant to 42 U.S.C. §2000e-5(k).

135. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to 42 U.S.C. § 2000e-5(k).

**TENTH CLAIM FOR RELIEF**
C.R.S. §§ 24-34-306, 24-34-4020
Retaliation

136. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of the Complaint as if set forth below.

137. Plaintiff was subjected to retaliation for engaging in opposition to discrimination, in violation of C.R.S. §§ 24-34-306 and 24-34-4020.

138. Ms., Halvorson engaged in conduct in opposition to sex discrimination and harassment and otherwise exercised her statutory rights and by reporting multiple times to the Pueblo Police Department that she was discriminated against and harassed.

139. In violation of both federal and state law, Defendant retaliated against Ms. Halvorson's protected conduct in opposing discrimination and exercising her statutory rights, including unfairly denying Ms. Halvorson promotions.

140.  Plaintiff suffered retaliation by her employer, the Pueblo Police Department on account of her complaints of discrimination and harassment.

141.  The Pueblo Police Department knowingly and willfully retaliated against Plaintiff for complaining about the discriminatory treatment and harassment.  The retaliation included false accusations and unduly scrutinization.

142. The Pueblo Police Department violated C.R.S. §§ 24-34-306 and 24-34-4020.by the conduct described herein.

143. Plaintiff suffered economic and non-economic damage as a result of such retaliatory treatment by Defendant, including loss of wages, loss of benefits, emotional distress, physical pain and suffering, medical expenses, loss of future wages, loss of future benefits, loss of career advancement, loss of out of pocket expenses incurred to mitigate her damages, and statutory damages.

144. Plaintiff is entitled to recover damages for retaliatory conduct described herein pursuant to C.R.S. §§ 24-34-306 and 24-34-4020.

145. Plaintiff is also entitled to recover her reasonable costs and attorneys' fees for bringing this action pursuant to C.R.S. §§ 24-34-306 and 24-34-4020.

.

## .ELEVENTH CLAIM FOR RELIEF

Punitive Damages

146. The unlawful employment practices complained of and the actions of the Pueblo Police Department's was willful, wanton, intentional and with malice or with reckless indifference to Ms. Halvorson's statutorily protected rights, entitling Ms. Halvorson to damages in the form of punitive to punish the Pueblo Police Department for its actions and to deter it, and others, from such actions in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandi Halvorson respectfully requests that the Court enter Judgment in her favor and against Defendants and award the following relief:

1.     Nonpecuniary damages, including but not limited to, pain and suffering, mental anguish, emotional distress, loss of enjoyment of life, injury to reputation and deprivation of civil rights.

2.     Pecuniary damages, including but not limited to, loss of earnings, loss of future earnings, loss of benefits, loss of future benefits, out of pocket expenses in an attempt to mitigate her losses, medical expenses and all other economic losses.

3.     Punitive damages.

4.     Back pay, front pay, and statutory penalties and damages.

5.      Prejudgment and post judgment interest as provided for by law.

6.      Attorneys' fees, costs and expenses of this action as provided for by law.

7.       Such other and further relief as the Court deems just and proper.

### 8.  JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 17th day of January, 2017.

Respectfully submitted,


**ORSINI LAW LLC**

***Original signature on file at Orsini Law LLC***

 *s/ Rosemary Orsini*
Rosemary Orsini
370 Seventeenth Street, Suite 4800
Denver, Colorado 80202
Telephone: (303) 514-7777


Plaintiff's Address:

37 Massani Road, Pueblo, CO  81001

{00584774:}